# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2827

_____

| | | |
|---|---|---|
| Eunice M. Hill, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Kansas City Area Transportation | * | |
| Authority, | * | |
| | * | |
| Defendant - Appellee. | * | |

_____

Submitted: February 12, 1999

Filed: July 1, 1999

_____

Before WOLLMAN,[*] LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

LOKEN, Circuit Judge.

The Kansas City Area Transportation Authority ("KCATA"), a local government employer, discharged bus driver Eunice M. Hill for twice falling asleep while assigned to a bus route (but not operating the bus). Hill filed this action, claiming that her on-the-job drowsiness was caused by a combination of medications she was taking to remedy hypertension and to relieve pain caused by job-related injuries, and that

_____

[*]The Honorable Roger L. Wollman became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 24, 1999.

KCATA violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* (the "ADA"), by discharging her instead of reasonably accommodating her disability. Hill also asserted state-law contract claims for breach of KCATA's employee handbook and the governing collective bargaining agreement. The district court[1] granted KCATA summary judgment, concluding that KCATA neither violated the ADA nor breached either its handbook or the collective bargaining agreement. Hill appeals. Having reviewed the grant of summary judgment *de novo*, and the summary judgment record in the light most favorable to Hill, the non-moving party, we affirm.

Hill was diagnosed with severe hypertension in January 1985 and since then has taken a variety of prescription medications to control her blood pressure. Hill had repeated work attendance problems between 1985 and her discharge in 1995. For example, only a successful arbitration hearing prevented her discharge in 1986 for "excessive and abusive absenteeism," which she blamed, at least in part, on pain medication that made her oversleep. In March 1995, Hill injured her knee when it struck a fare box. She reported this job-related injury and was referred to a physician under KCATA's workers compensation program, who prescribed a pain medication and released Hill to return to work. On May 23, Hill was discovered asleep in her bus prior to the commencement of her route. According to the Supervisor's Special Report of the incident, Hill told the person who awakened her that "she had taken some medicine." Superintendent of Transportation Russell Green subsequently met with Hill and reminded her of the KCATA work rule stating that a second incidence of sleeping on the job results in discharge. Hill did not tell Green that medications had caused her to fall asleep on the job.

On June 27, Hill sprained her wrist while steering a bus. She reported the injury, and a worker's compensation physician prescribed pain medications. On July 19, Hill

---

[1]The HONORABLE FERNANDO J. GAITAN, JR., United States District Judge for the Western District of Missouri.

was again found sleeping in her bus -- this time during a layover on her assigned route. She was directed to finish the route, seventeen minutes late. Later that day, she met with Superintendent Green. Hill testified at her deposition that she explained to Green she has a problem when she takes pain medications in combination with her hypertension medications. "I asked them to send me and have me checked out to see what's going on with me, because it's something that's wrong." Instead, KCATA discharged Hill on July 26.

After her discharge, Hill applied for and received Social Security disability benefits, representing herself as unable to perform the essential functions of any job. As the district court recognized, that representation does not support Hill's claim that she is a "qualified individual with a disability" for purposes of the ADA, see 42 U.S.C. § 12111(8), but it does not preclude her from proving that she can perform the essential functions of her job with KCATA with a reasonable accommodation. See Cleveland v. Policy Management Sys. Corp., 119 S. Ct. 1597 (1999).

Hill's ADA claim is that KCATA violated the Act by "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." 42 U.S.C. § 12112(b)(5)(A). In evaluating this claim, we must identify Hill's "disability" for ADA purposes, an issue she does not even address on appeal. See 42 U.S.C. § 12102(2) (definition of "disability"). In the district court, Hill argued her hypertension is a disability. But Hill controlled her hypertension for over ten years with medications that permitted her to perform her job as a KCATA bus driver. Her hypertension is not a disability because, "when medicated, [her] high blood pressure does not substantially limit [her] in any major life activity." Murphy v. United Parcel Serv., Inc., No. 97-1992, 1999 WL 407472, at *3 (U.S. Jun. 22, 1999).

Hill further argues that the drowsiness caused by taking hypertension medication in combination with the pain relievers prescribed for her work-related injuries was an ADA disability. Most assuredly, an essential function of a bus driver's job is the ability

to stay awake, and Hill presented medical evidence that her medications can in combination cause drowsiness. But we find no evidence in the record that Hill's physical condition *compelled* her to take a combination of medications that persistently affected her ability in 1995 to stay awake on the job. Therefore, she failed to present sufficient evidence that this alleged physical impairment substantially limited her major life activity of working. See 29 C.F.R. § 1630.2(j)(3).

Even assuming for summary judgment purposes that Hill's condition was an ADA disability, she must also prove that KCATA discriminated against her on account of that disability. She was fired for sleeping on the job, not for her medical condition or her need to take medications. Hill nonetheless argues her discharge was ADA-banned discrimination because KCATA failed to honor her request for the reasonable accommodation of a drug screening that would have identified a combination of pain and hypertension medications that would not cause drowsiness. We agree with the district court this is a fatally flawed theory.

In the first place, Hill's request for accommodation was untimely. She never told KCATA supervisors that the medications she was taking in mid-1995 left her uncontrollably drowsy on the job until *after* she committed the offense of twice sleeping on the job, a work rule violation she knew would mandate her discharge. Moreover, when Hill belatedly asked Superintendent Green for help in reassessing her prescription medications, she offered no assurance that such a drug screening would remedy her job performance difficulties. See Mole v. Buckhorn Rubber Prods., 165 F.3d 1212, 1218 (8th Cir. 1999). Finally, the reasonable accommodation requested was not within her employer's control. See generally 42 U.S.C. § 12111(9) (defining "reasonable accommodation"). KCATA controlled Hill's work conditions, but it was not her doctor or pharmacist. Hill was responsible for her general health. She could have guarded against drug-induced drowsiness by discussing the combination of medications she was taking with her personal physician, who prescribed her hypertension medication, or with the workers compensation program physicians who

-4-

prescribed her pain medications.  Instead, she ignored the problem until her work performance warranted discharge.  Like the diabetic police officers in <u>Burroughs v. City of Springfield</u>, 163 F.3d 505 (8th Cir. 1998), and <u>Siefken v. Village of Arlington Heights</u>, 65 F.3d 664 (7th Cir. 1995), Hill did not request a disability accommodation, she asked for a second chance to better control her treatable medical condition.  That is not a cause of action under the ADA.

Turning to Hill's state law claims, she alleges that KCATA breached its employee handbook by invoking the wrong work rule, and breached the collective bargaining agreement by not taking timely disciplinary action against her *first* offense of sleeping on duty.  Putting aside the problem that Hill relies upon employee handbook cases that were overruled by <u>Johnson v. McDonnell Douglas Corp.</u>, 745 S.W.2d 661 (Mo. banc 1988), after careful review of the summary judgment record we agree with the district court that Hill has no credible evidence that KCATA failed to comply with either the employee handbook or the collective bargaining agreement.

The judgment of the district court is affirmed.  Appellant's motion for leave to file a supplemental appendix is granted.  Appellee's motion to strike appellant's brief is denied.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.